**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:03-CR-0201** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **CHRISTOPHER D. JONES** | : | |

## MEMORANDUM

Presently before the court is a motion (Doc. 435) filed by *pro se* petitioner Christopher Jones ("Jones") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Jones claims his conviction should be vacated because he was denied effective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution. Specifically, he contends that initial defense counsel was ineffective in failing to obtain in a timely fashion police communication tapes containing possible exculpatory evidence. (See id. at 3-4). For the reasons that follow, Jones' motion (Doc. 435) will be denied.

## I. Statement of Facts & Procedural History

On July 12, 2003, at approximately 8:40 a.m., Pennsylvania State Police Trooper John J. Latin ("Latin") observed Jones travel past his position on Interstate 80 at a speed of 84 miles per hour, well in excess of the posted speed limit of 65 miles per hour. (Doc. 437, at 41-42). Latin pursued Jones in his marked police cruiser with lights flashing and signaled him to pull over, but Jones did not stop.

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

(Id. at 42-43).  During the pursuit, Latin observed Jones throw a white powdery substance and brown bag out the driver-side window on multiple occasions.  (Id. at 43-44).

Latin followed Jones for approximately 14 miles, at which point Jones stopped the vehicle.  (Id. at 43).  When Latin, now accompanied by State Troopers William Waltman and John McGeary, ordered Jones to exit his vehicle, he observed a cell phone and a white powdery substance fall from Jones' lap.  (Id. at 45-46).  The troopers also observed white powdery material on the driver's seat.  (Id. at 46).  At this point, the troopers placed Jones under arrest.  (Id. at 47-48).  Subsequent to the arrest, the troopers recovered the items thrown from Jones' car during the pursuit.  (Doc. 445, at 5).  After obtaining a search warrant for the vehicle, the troopers found additional white powdery material.  (Id.).  Lab tests determined the powdery substance to be cocaine.  (Id.).  In total, the troopers recovered 104.5 grams of cocaine.  (Id.).

On July 24, 2003, a grand jury in Williamsport, Pennsylvania, returned a one-count indictment charging Jones with distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).  (See Doc. 1).  On September 3, 2003, in preparation for trial, Jones wrote then-counsel Stephen C. Smith, Esquire ("Attorney Smith").  (Doc. 437, at 37).  Jones requested that Attorney Smith obtain state police radio tapes or transcripts in connection with Jones' vehicle stop, believing that they contained exculpatory evidence.  (Id.)  In a letter dated September 16, 2003, Attorney Smith responded to Jones that he planned on

traveling to Bloomsburg, Pennsylvania, to meet with the state police regarding the police communication tapes in question.  (<u>Id.</u> at 38).

On November 16, 2003, Jones sent a letter to the court, requesting copies of the state police radio tapes or transcripts.  (<u>Id.</u> at 2-3).  In this correspondence, Jones acknowledged that Attorney Smith "has tried on several occasions[] to obtain the files, information and documents" but had been unsuccessful.  (<u>Id.</u> at 2).  On December 24, 2003, Jones wrote the court seeking appointment of new defense counsel.   (<u>Id.</u> at 5-8).  Jones alleged ineffective assistance of counsel on the basis that Attorney Smith did not file motions that he agreed should be filed.  (<u>Id.</u> at 7).  At a hearing before the court on January 8, 2004, Jones withdrew his motion for new counsel and retained Attorney Smith's services.  (Doc. 18).

On February 5, 2004, Attorney Smith requested from the United States Attorney copies of the police radio transmissions related to Jones' vehicle stop.  (Doc. 437, at 9).  The U.S. Attorney advised counsel that the communication tapes were no longer available; such tapes were retained for 64 days before being recycled and re-used, pursuant to Pennsylvania State Police policy.  (<u>Id.</u> at 10-11).  Thereafter, Jones filed a motion (Doc. 37) for appointment of new defense counsel, again alleging ineffective assistance of counsel.  On March 29, 2004, the court granted the motion, and Edward J. Rymsza, Esquire, was appointed as counsel.  (Doc. 45).  Attorney Rymsza withdrew as counsel on August 16, 2004, and Jones elected to proceed *pro se* with stand-by counsel.  (Doc. 101).

On December 8, 2004, after a trial in which Jones represented himself, a jury convicted Jones on the above charge. (Doc. 210). On June 10, 2005, the court sentenced Jones to a 264-month term of imprisonment, a six-year term of supervised release, and a special assessment of $100. (Doc. 232).

Following the imposition of sentence, on June 11, 2005, Jones timely appealed his sentence to the Third Circuit Court of Appeals. (Doc. 233). The Third Circuit determined that the district court failed to adequately apprise Jones concerning the consequences of appearing *pro se* and the rights he waived in proceeding without counsel. See United States v. Jones, 452 F.3d 223 (3d Cir. 2006). Accordingly, on July 20, 2006, the Third Circuit vacated the judgment of conviction and sentence and remanded the matter for a new trial. (Docs. 256, 257).

On remand, following a thorough colloquy at a hearing held on July 28, 2006, Jones initially indicated his intent to be represented by appointed counsel. (Doc. 259). However, on September 11, 2006, Jones again elected to proceed *pro se* with stand-by counsel. (See Docs. 263, 270). On December 14, 2006, a grand jury in Williamsport returned a superseding indictment, charging Jones with a single count of distribution and possession with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 282). After a second trial, on November 13, 2007, the jury found Jones guilty of distribution and possession with intent to distribute less than 500 grams of cocaine. (Doc. 400).

On May 14, 2008, the court sentenced Jones to 262 months imprisonment, a six-year term of supervised release, and a special assessment of $100. (Doc. 412).

4

Jones filed a timely notice of appeal on May 15, 2008. (Doc. 413). In light of a clerical error, the court entered an amended judgment and commitment order on May 19, 2008. (Doc. 416). The Third Circuit affirmed the judgment of conviction and sentence on June 2, 2009. See United States v. Jones, 332 Fed. App'x 767 (3d Cir. 2009). Jones' petition for writ of certiorari to the United States Supreme Court, filed on August 24, 2009, was denied on October 5, 2009.

On October 8, 2010, Jones filed a timely motion (Doc. 435) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion has been fully briefed and is now ripe for disposition.[2]

## II.  Discussion

Jones alleges that he was denied effective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution.[3] Specifically, he claims that counsel was ineffective for making untimely efforts to obtain police radio communication tapes, which allegedly contained exculpatory evidence.

A claim of ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a motion, a petitioner must demonstrate that: (1) counsel's representation fell below

---

[2]  The Honorable Malcom Muir, United States District Judge, deceased, handled all trial and sentencing proceedings. The Clerk of Court reassigned the instant motion to the undersigned in October 2010.

[3]  The Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONST. AMEND. VI.

an objective standard of reasonableness; and (2) the deficient representation was prejudicial. See id. at 687-88. In determining whether counsel has satisfied the objective standard of reasonableness in accordance with the first prong, courts must be highly deferential toward counsel's conduct. See id. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). "The defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citing Strickland, 466 U.S. at 689). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711(citing Strickland, 466 U.S. at 689-90). To satisfy the prejudice prong, the defendant must show that, but for counsel's errors, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694. The district court need not carry out its analysis of the two prongs in any particular order, or even to address both prongs of the inquiry if the defendant makes an insufficient showing in one. Id. at 697.

The government argues, and the record confirms, that Attorney Smith made efforts to obtain the police communication tapes, pursuant to Jones' request. (See Doc. 445, at 14). First, Attorney Smith responded promptly to Jones' September 3, 2003 request to acquire the tapes. In a letter addressed to Jones on September 16, Attorney Smith indicated that he planned to meet with state police in Bloomsburg to ask if they had any information relevant to the police stop. (See

Doc. 437, at 38).  In a December 16, 2003 correspondence to the court, Jones confirmed that Attorney Smith attempted "on several occasions" to obtain the tapes.  (Id. at 2).

Jones contends that Attorney Smith did not make an attempt to obtain the tapes until his February 4, 2004, letter to the U.S. Attorney, that this request came six months after Jones' arrest, and that the lapse in time was unreasonable.  (See Doc. 436, at 5, 11).  Jones' argument, however, contradicts his earlier correspondence to the court, in which he indicated that Attorney Smith "has tried on several occasions" to obtain relevant tapes and documents.  (See Doc. 437, at 2). In light of the above efforts made by counsel to investigate and obtain the tapes, the court finds that these efforts were not objectively unreasonable.  Although the tapes were no longer available when Attorney Smith requested them, Attorney Smith nonetheless made reasonable attempts to obtain them.  Defense counsel is not imputed with knowledge of Pennsylvania State Police retention policies, which obviously may change over time.  For all of these reasons, the court concludes that Attorney Smith's representation did not fall below an objective standard of reasonableness.

In the interest of thoroughness, however, the court will briefly address the second prong of the Strickland analysis.  Jones contends that the police communication tapes contained exculpatory evidence, confirming his theory at trial that the police stopped Jones in connection with an unrelated murder investigation and that they planted drugs in his car to cover up their purpose in pulling him over.

7

(See Doc. 436, at 15-22).  Thus, Jones alleges that he was prejudiced by the unavailability of the tapes to support his defense at trial.  (See Doc. 435, at 4).

Strickland's second prong requires Jones to show that a "reasonable probability" exists that the outcome of the trial would have been different absent counsel's alleged errors.  466 U.S. at 695.  Such a showing may not be based on "mere speculation."  Gray, 878 F.2d at 712.  In other words, a defendant must be able to make "some plausible showing" as to what the missing evidence would have shown and how it would have been favorable to his defense.  Id. (citing United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982)).  Jones has made no such showing.  It is, at the very least, equally plausible that the tapes corroborated the police account, hindering Jones' defense.  Indeed, as aptly noted by the government, the *unavailability* of the police tapes allowed Jones to impeach the officers' testimony and bolstered, to the extent possible, the ultimately incredible defense which Jones presented at trial.

Other than the brief testimony of a witness who simply could not recall the pursuit of a vehicle by state police when that witness was stopped along the same stretch of Interstate 80 during the time of the police chase, Jones cannot point to any evidence in the record suggesting that he was actually stopped for questioning on an unrelated murder investigation and that police planted evidence.  Trial testimony adequately and cogently demonstrates that Pennsylvania State troopers stopped Jones for speeding (84 mph), not in connection with a murder

investigation. Moreover, Jones testified on his own behalf and was able to present his theory of the case to the jury, despite the absence of the tapes.

Given the evidence presented at trial, Jones' claims that the police communication tapes contained exculpatory evidence are nothing more than speculation. <u>Gray</u>, 878 F.2d at 712. Thus, Jones cannot satisfy the second prong of <u>Strickland</u> that the outcome of his conviction would have been different but for counsel's alleged failure to acquire the tapes in a timely fashion. Jones' claim of ineffective assistance of counsel is therefore rejected.

**III.** **<u>Conclusion</u>**

For the foregoing reasons, Jones' motion (Doc. 435) to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 will be denied. An appropriate order follows.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     November 28, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:03-CR-0201** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **CHRISTOPHER D. JONES** | : | |

## <u>ORDER</u>

AND NOW, this 28th day of November, 2011, upon consideration of the motion (Doc. 435) filed by Christopher Jones to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 435) is DENIED.

2. A certificate of appealability is DENIED. <u>See</u> 28 U.S.C. § 2253(c).


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge